UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 21 C 6558 |
| v. | ) ) | Judge Sara L. Ellis |
| LIBRA WRIGHT-DELAINE, MICHAEL HARDING BROWN, ARRIEN RICHARDSON, MARY MEADOWS, and NNEKA MALONE, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| LIBRA WRIGHT-DELAINE, | ) ) | |
| Cross-Claimant, | ) ) ) | |
| v. | ) ) | |
| MICHAEL HARDING BROWN, | ) ) | |
| Cross-Defendant. | ) | |

### ORDER

The Court grants in part and denies in part Defendant Michael Harding Brown's motion to dismiss [28]. The Court dismisses Count II of Primerica's interpleader complaint [1] without prejudice. See Statement.

### STATEMENT

Plaintiff Primerica Life Insurance Company ("Primerica") brought an interpleader complaint under 28 U.S.C. § 1335 to resolve the competing claims to certain life insurance proceeds. Defendant Libra Wright-Delaine, the former beneficiary, filed a crossclaim against Defendant Michael Harding Brown, the current majority beneficiary, alleging fraud and requesting a constructive trust on the portion of the funds already dispersed. Harding Brown has filed a motion to dismiss both Primerica's constructive trust claim and Wright-Delaine's entire crossclaim under Federal Rule of Civil Procedure 12(b)(6). Because Primerica does not contest dismissal of its constructive trust claim, the Court dismisses Count II of the interpleader

complaint without prejudice. Because Wright-Delaine has pleaded sufficient facts to put Harding Brown on notice of the fraud allegations, the Court denies the motion to dismiss the crossclaim.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Fraud claims must also satisfy Rule 9(b)'s particularity requirement, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019); *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614–15 (7th Cir. 2011). "This ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (citation omitted).

Harding Brown seeks dismissal of Wright-Delaine's entire crossclaim on the basis that it does not meet the heightened fraud pleading standard of Rule 9(b). However, Wright-Delaine has sufficiently alleged fraud. She pleads that Harding Brown "intentionally, maliciously, and fraudulently created the Disputed Change of Beneficiary Form . . . for his own personal profit." Doc. 15 ¶ 34. She further pleads that she could not find her son's insurance paperwork in the house that he shared with Harding Brown, and that Harding Brown, who is an agent of Primerica, would not answer any questions about the insurance policy except to say that she was no longer a beneficiary. *Id.* ¶¶ 31–34. Wright-Delaine's crossclaim "paint[s] a sufficiently detailed picture of the alleged" uncomplicated scheme. *AnchorBank*, 649 F.3d at 616. Harding Brown also seeks dismissal of Wright-Delaine's constructive trust claim because it relies on the fraud claim. Because the Court finds Wright-Delaine's fraud count to be sufficiently pleaded, it will not dismiss her constructive trust claim on this basis.

Date: June 6, 2022 /s/__Sara L. Ellis_____

2